Donahoe Good Morning, Your Honors. Good morning, Your Honors. If it please the Court, My name is Michael Donahoe. I am from the Federal Defender's Office in the District of Montana, and I represent the Juvenile in this case. I'll proceed to address the Court's question. I take from that question that the Court understands the nature of my argument, so I don't think there's any point in laboring over that. I think the Court's question, the answer to it is, is that if the Congress put in the year 2002 the language in the revocation aspects of this statute that expressly tells the District Court to use the juvenile's age at the time of the revocation, the absence of any such language from the aspect of the statute that deals with the original disposition demands an interpretation that the age of the juvenile at the time of the offense or at the time of the conduct should be the governing age, if that makes sense to the Court. Well, let me ask about that. The statute provides for if the then-juvenile. For simplicity, if the individual is between 18 and 21, then this, but if the key is the 18, if between 18 and 21, they won't qualify for treatment under the juvenile statute. So can that interpretation be viable? Why would the statute provide between 18 and 21 if the person's not a juvenile in the first place? I understand that problem, and I don't know how to deal with it. Judge, basically what I'm trying to do here is not bite off more than I can chew. I have a child or a youngster that was involved in some fairly substantial conduct here, but it was our orientation after the disposition that – and actually, I think during the disposition, the age was discussed, if Your Honor looked at the record there. And I think the district judge was sensitive to the fact he tried to mark that out pretty clearly, that he was one age at one time and one age at another time. And maybe that was troubling to him, I don't know. But at this point, it just seems to me that we need to sentence the people with respect to the age that they were at the time of the conduct. And that's the conclusion that I'm trying to gain here. If I could speculate – and maybe I don't want to, but I will – if we jumped ahead to a revocation paper, I think I'd have the same problem. If the paradigm of a revocation in this Court's analysis, in an adult revocation, is that you're not being sentenced for the new conduct, but for the offense for which you were convicted. I believe in my experience that's the orientation of a revocation proceeding. Then here in this statute, we're changing the rules. And I don't mean change prospectively, but why can't a statute do that? Well, I think for a couple of reasons. If we stay with the paradigm, the revocation paradigm, you're not technically – Why does Congress have to stay with it? You're taking that as a given, that we have a certain paradigm and it's going to govern, period. But why can't Congress say, well, we don't like that paradigm anymore, we want to do something different with revocation, henceforth, and so here it is. Well, I think because in the history of jurisprudence – because the way you get around double jeopardy aspects of revocation proceedings is to say that you're being challenged or you're being resentenced for the original conduct. Well, if you're going to be resentenced for the original conduct, you can't pick and choose what those aspects were. You have to take what the situation was at the time. If you're going to graft on to the infratero some new aspect, i.e., the age here, you're changing that paradigm. You're not just – that's a very sensitive thing, I think, Your Honor. One of the reasons you're doing it, or potentially doing it, and I understand we're all trying to deal with a statute that doesn't look like it was all crafted with these questions in mind, is that you've got a sentencing provision that keys on when a juvenile turns 21, and if the situation arises a month short of that date, even though the offensive conduct took place sometime before, say when he's under 18, well, you don't want to be in a position where the most you can do is tell someone you've got 25 days left till you get out of jail. After that, you're out because we can't. So there's – I think there's concern, legitimate concern on the part of Congress, not only the time of the violation, which is ordinarily what you would look at, because that's the level of responsibility the individual might have, but also what are your options right now at the time of, be it sentencing or the revocation hearing, in terms of what's a meaningful response to the conduct. And on that basis, I think Congress could legitimately say, okay, we're going to go at the time of the – be it sentencing, at the filing of the charges, or in the revocation context, the revocation hearing. And if we do that, then you're looking at a situation where even though he was under 18 at the time of the question, by the time the Court's passing on it, he's crossed that line and he's now looking at being between 18 and 21. And I understand that there are those problems in these kinds of cases. But in the end, no matter how we look at these issues in this context, they're treated as criminal proceedings. And if you're going to play with the age here, no matter when we begin or when we revoke, I think you get into all kinds of problems. We don't have to solve the revocation piece for this case. Correct. And that's why I said I didn't want to bite off more than I could chew here. All I'm asking this Court for, and I understand I'm here with my hat in my hand, given that I'm on a plain-error standard here, but I'm asking the Court to render an interpretation, please, that the district judge in this instance  at the age he was at the time of the offense, and that that should be the interpretation. And unless there are any more questions, I'd reserve the remainder of my time. You may do that. Thank you. Good morning. I'm Lori Sook from the Great Falls, Montana, representing the United States Department of Justice. Let me explain. In prior to 2002, we didn't even have the juvenile supervision section of the statute that you referenced in your order. We had the official, the official, the dispositional hearing section under subsection A, and the probation section that was very limited. In fact, the sentence read in that section, the provisions dealing with probation set forth in sections 3563, 3564, and 3565 are applicable to an order placing a juvenile on probation. There was the qualifying language that you've raised in the absence of it in the original dispositional hearing phase wasn't there. So I looked to cases that would have interpreted that revocation of probation section prior to the amendment, that put the qualifying language of at the time of the revocation proceeding. And I found a very recent case out of the Eighth Circuit, U.S. v. K.R.A. 337F3 970, Eighth Circuit 2003. This was a case where the court was dealing with a second woman who was sentenced when she was 15, and she was approaching the age of 21 at the second revocation proceeding, which occurred in October of 2001 prior to this amendment. And the court was posed with the exact question that we're facing here only under the revocation proceeding. What age provision governs? Should I look to the age at the time right now, at the time of the proceeding, or the age at the instant offense? And the court, on page 9, said that 377 looked at two factors. The plain meaning of the statute, first of all. Because the statute is written in these sections as this. In the case of a juvenile who is. In the case of a juvenile who is. And it looked at the verb is, and it said that is present tense, not past tense. And so therefore, the plain meaning of the statute tells me that I need to be using the age now, at the time of the revocation proceeding. In addition, the court said, if it was at the age of the original sentencing, that would be an unreasonable conclusion. And the example given was that a violation two months before this juvenile reaches 21 would net only a two-month window for the court to use. And that wouldn't apply here, though, to the initial dispute. Well, I think it would, Your Honor, and let me tell you why. The Eighth Circuit was looking to a Fifth Circuit case that had been decided in 1996, U.S. v. Juvenile Female, 103F314. And it incorporated that meaning of the plain meaning, who is, and also the unreasonable conclusion. But that court went a little bit further and said, and let me quote what it said, Congress clearly had no qualms in allowing a sentence to extend past the 21st birthday. This is shown by the allowance in 5037C2 of a sentence of up to five years for ages between 18 and 21. So now let's import this reasoning to where we are today. We've got two options. The court can look to the age at the time of the offense or the age at the time of the dispositional hearing. If you adopt the meaning that these courts have utilized, the plain meaning of the statute and the verb is, not was, that would make sense. If you adopt the interpretation that it would have to be the age at the time of the offense, you would be writing out a complete section of the statute. Because as Judge Clifton pointed out, there would be no sentence originally under the provision of 18 to 21. Because if it's at the time of the offense, to be a juvenile proceeding, it has to be before your 18th birthday. So there would be never an application in the original dispositional hearing. So when we're looking at statutory construction, we look at a number of things. The plain meaning of the statute. And if that doesn't help, we look to legislative history. Well, I argue here that the plain meaning of the statute can govern. The courts, these two courts, I think in sound reasoning, have found the verb is, is used. But you might say, well, now the plain field, Ms. Sook, is different. Because now we have revocation proceedings that have added qualifying language. And Congress could have easily done that in this subsection A, but they didn't. Well, I found no cases that ever raised this issue. Yet there are these cases on the books that raise the issue with respect to revocation. And when you look at the 2002 Act that really did do a watershed change to the Juvenile Delinquency Act, it added a number of additional options. Juvenile supervision. Restitution. It took out the or before we could only, we could impose probation or restitution. And if you look at the legislative history and the overall discussion of what they were trying to do with juveniles, it makes sense to not limit in this way a court's ability to sentence a juvenile who is between 18 and 21. This provision falls in line with the qualifying language that they've put in the revocation proceeding. That a juvenile who is between 18 and 21 at the time of the proceeding, the court shouldn't be cut out to have that five-year window or three-year window or the maximum that an adult could receive, whatever that may be. So the, if you interpret the statute as Judge Haddon did in this case and apply 5037B2, you will be true to the plain meaning of the statute, the verb is. You will be true to what Congress was trying to do by changing the juvenile delinquency statutes and by adding different penalties at the same time that it added this qualifying language. That's about all I could figure out with respect to this, except for one additional point I will make. I did find one case, U.S. v. TFF, 55F31118, 6th Circuit, 1995, at page 1122. I only tell you this because it's the only case I could find on this issue, but it's not very instructive. Because what happened there is the court did say that you use the age, it was an original dispositional hearing, and you use the age of the juvenile at the time of the dispositional hearing. But then there was a footnote that said the reason we're doing that is because that's what the defendant wants us to do, and we're assuming that for purposes of argument. That's the only case I could find that dealt with our specific issue. Thank you, counsel. Thank you. Just briefly, I won't use all this time. If that's the government's orientation here, I mean, I was working to salvage some aspect of this statute, and I guess I'm going to go for broke here and say that that's an unconstitutional method here. I mean, it's an offense where he's engaged in conduct that would have been an offense when he or she is 16 or 17 years old. And then the penalty is driven by when the prosecution is brought. And that's clearly a due process violation, I think, under the cases setting. Well, why is that so in view of the fact that the statute is statutory and the constitutional speedy trial provision, the speedy trial provision for juveniles is quite short? So, you know, 30 days, 60 days, or if the defense has some motions, 90 days. Well, I think if the juvenile is in custody, that may be true. I've seen cases languish in the juvenile system. This case, the youngster turned from the age he was at the time of the offense to an older age, and the penalty was bumped. I guess your concern is if a situation where there's an offense, and for some undefined reason, charges aren't actually brought or the proceedings aren't commenced for some lengthy period of time after that, a period of time which could include watching the 18th birthday go by. Correct. And it's not the operative date is not. That's actually a more precise answer to the question. I missed it. I think Judge Clifton has answered it here. The speedy trial provision, we can stop that clock by bringing the charge. He can still turn 18. The time of the disposition, that's when the event... Once the charges are brought, there is some protection. The concern is what may cause the charges to be delayed. And there are lots of legitimate reasons it may be delayed, and your concern is there may be some reasons that are not so legitimate. Right. But I think anything that has the vagaries of time that ultimately determine what the penalty is, that's a big problem. In a criminal case, I mean, that event, that criminal conduct is a snapshot in time, and I think that's the frame of reference. The age in a juvenile case, and I'll close down with this, the way it's being handled now turns out to be an element of an offense. And I don't know if that makes sense to anybody. It does to me. If we skip ahead to a revocation and say, well, if you're this age now, you're going to get this penalty, that's an element that's introduced at the time of that revocation that did not exist at the time of the original revocation. So I'll harken back to my original argument. There's no symmetry there anymore between the revocation and being sentenced for what you were originally convicted of. Thank you, counsel. Thank you. I appreciate the arguments of both counsel. And the case just argued is submitted. We'll do one more case before taking a short break and then returning, so you can plan your time accordingly. So we will next hear United States v. Alvarado, Guiliani.
judges: Hug, Graber, Clifton